### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

      v.                              Case No. 21-cv-308-JL

Robert Varney et al.

### REPORT AND RECOMMENDATION

Josephine Amatucci, proceeding pro se, has filed this action under 41 U.S.C. § 1983, alleging that a state court judge and two federal court judges committed fraud on the court in the judicial decisions and orders they have issued in other cases in which she has been involved.  The complaint (Doc. Nos. 1 (#5351), 6 (#5429)) is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and LR 4.3(d)(2).  Also before the court for consideration and a recommendation as to disposition are: (1) Mrs. Amatucci's motion for in forma pauperis status, (2) Mrs. Amatucci's "Motion for Rule 60(d)(3)" (# 5385) and (3) "An Independent Motion to Set Aside the Judgment" (# 5432).

### Standard of Review

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Discussion

Mrs. Amatucci has been involved in many legal cases in state and federal court.  Her allegations in this case challenge decisions made by a state court judge and two federal judges concerning a restraining order issued by another state court judge against Mrs. Amatucci.  The decisions she challenges are related to her arrest in 2003, a restraining order issued in state court, and her subsequent efforts to challenge that result.[1]  She states that the judges have committed "fraud upon the court" by misrepresenting the meaning of the restraining order, and she seeks one million dollars in damages.  She also

---

[1] Mrs. Amatucci brought multiple cases challenging those proceedings, which caused her to be restricted from filing additional cases on the same issues.  See Amatucci v. New Hampshire Supreme Court, 2014 WL 1764739 (D.N.H. May 2, 2014); Amatucci v. Varney, 2013 WL 3990808 (D.N.H. Aug. 2, 2013)

asks that judgments in other cases be vacated pursuant to Rule
60(b)(3).

Under the doctrine of judicial immunity, judges are
"absolutely immune from liability for [their] judicial acts even
if [their] exercise of authority is flawed by the commission of
grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359
(1978). Judges are immune from civil liability although the
challenged judicial acts "are in excess of their jurisdiction
and are alleged to have been done maliciously or corruptly."
Id. at 356. A judicial act is a function normally performed by
a judge, a "traditional adjudicatory function." Zenon v.
Guzman, 924 F.3d 611, 616 (1st Cir. 2019). A judge's rulings,
decisions, and orders in a case before him or her are part of
the traditional adjudicatory functions of a judge, which are
protected by judicial immunity. Id. at 616-17.

Mrs. Amatucci challenges the rulings and decisions of the
defendant judges. Those matters fall directly into the category
of traditional adjudicatory functions that are protected by
judicial immunity. Therefore, her claims should be dismissed.

### Motions

Mrs. Amatucci has filed a motion (Doc. No. 2) for in forma
pauperis status. Because the complaint fails to state any
claim, that motion should be denied as moot.

Mrs. Amatucci has also filed two motions (Doc. Nos. 5, 7) seeking to vacate judgments in other cases in which she was involved.  In support of her motions she claims entitlement to relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) does not apply in the context it is raised in this case, and Mrs. Amatucci's motions should be denied.

### Conclusion

For the foregoing reasons, the district judge should dismiss the complaint in its entirety and deny Mrs. Amatucci's motion for in forma pauperis status (Doc. No. 2) and motions asserted under Rule 60(b) (Doc. Nos. 5, 7).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

August 2, 2021

cc:  Josephine Amatucci, pro se.